**PORT SHIP SERVICE, INC.,**
**Plaintiff–Appellant,**

v.

**NORTON, LILLY & COMPANY, INC.**
**Defendant–Appellee.**

**No. 88–3570.**

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1989.

Rehearing Denied Oct. 18, 1989.

**24**

Randall A. Smith, New Orleans, La., for plaintiff-appellant.

Christopher O. Davis, Michael L. Armitage, Margot Mazeau, New Orleans, La., for defendant-appellee.

Before GEE, GARZA, and JONES, Circuit Judges.

PER CURIAM:

Port Ship Service, Inc. ("Port Ship") here appeals the district court's judgment that Norton, Lilly & Company, Inc. ("Norton, Lilly") had sufficiently disclosed the identity of its principal and therefore was not liable as an agent under a partially-disclosed principal theory. We affirm the judgment of the district court.

In this action, Port Ship, a water taxi service, sued Norton, Lilly, a maritime agent, and sought to hold Norton, Lilly liable for services performed for Norton, Lilly's principals. Port Ship ferries crew members, customs agents, supplies, and the like between ships and the shore at the Port of New Orleans, while Norton, Lilly acts as agent for those ships in providing husbanding services. Port Ship sued Norton, Lilly for unpaid services, alleging that Norton, Lilly, as agent, was liable for services rendered to a partially disclosed principal. That is, Port Ship knew that Norton, Lilly had a principal, but did not know the identity of that principal.

This case is controlled by a similar one decided by this court, *Port Ship Service, Inc. v. International Ship Management & Agencies Service, Inc.*, 800 F.2d 1418 (5th Cir.1986). The *Port Ship* case involved the same plaintiff as in the present case, the same issues, and a similarly-situated defendant. In that case, we held that an agent such as Norton, Lilly is not liable for services rendered to its principal if the third party providing the services, such as Port Ship, had sufficient information to give notice of the identity of the principal. Further, that information could come from any source. *Port Ship*, 800 F.2d at 1421.

Relying on our opinion in *Port Ship*, the district court in this case made extensive factual findings as to information available to Port Ship, to determine whether that information was sufficient to give notice of Norton, Lilly's principal's identity. Finding that there was sufficient information to give notice to Port Ship, the district court entered judgment for Norton, Lilly.

Port Ship complains now on appeal that the district court erred in applying the standard set out in *Port Ship*, in that the district court wrongly gave Port Ship the duty to determine the identity of the principal, and that the evidence did not establish that the information available to Port Ship was sufficient to give notice. Because we find that the district court correctly applied the *Port Ship* standard, we defer to the district court's factual findings and affirm its judgment.

*Duty of Inquiry*

The *Restatement (Second) of Agency* § 4 makes it clear that "it is the agent's duty to disclose the principal's identity, and not a third party's duty to ascertain that identity." *Port Ship*, 800 F.2d at 1421. Port Ship now complains on appeal that the district court wrongly put that burden on it, a third party, by stating in its Findings of Fact that Norton, Lilly had twenty-four hour per day telephone service through which Port Ship could ascertain principals' identities. The district court did not, in merely setting out that fact, impermissibly shift the burden from Norton, Lilly to Port

Ship. Instead, the court simply added one more fact possibly relevant to constructive notice. We therefore reject Port Ship's contention on this point.

*Sufficiency of Notice*

Port Ship also complains on appeal that the district court erred in relieving Norton, Lilly of liability, since Norton, Lilly did not clearly and unambiguously identify its principals, and the information supplied to Port Ship was not sufficient to give notice of the principals' identity. Further, Port Ship complains that it had no reason to know which of several potential principals Norton, Lilly represented. As stated earlier, an agent is relieved of liability if a third party has sufficient information to constitute notice of the principal's identity. *Port Ship*, 800 F.2d at 1421. The agent is not required to identify, explicitly, its principal, and the third party may even lack actual notice. *Id.*

The district court made extensive findings of fact as to the availability of sources from which Port Ship could receive constructive notice of Norton, Lilly's principal. Those sources, taken as a whole, provide sufficient notice to relieve Norton, Lilly of liability, the district court found. Because that finding is consistent with the Port Ship standard and not clearly erroneous, we AFFIRM the judgment of the trial court.